## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | | |
| DOREEN F. FELL | ) | |
| | ) | **Case Number** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, | ) | |
| LLC | ) | |
| & | ) | |
| SCHLEE AND STILLMAN, LLC | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Doreen F. Fell, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Doreen F. Fell (hereinafter, "Plaintiff"), is an adult natural person and she brings this action for relief against Defendant, for violations of multiple sections of the Fair Debt Collection Practices Act ("FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act (FCEUA, 73 Pa. C.S. § 2270.1 et seq.), Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq., and for Civil Conspiracy.

### II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

1

3.      Venue in this District is proper in that Plaintiff resides in this district.

### III.    PARTIES

4.      Plaintiff, Doreen F. Fell (hereafter, Plaintiff) is an adult natural person residing at 452 Burnt Mill Road, Chadds Ford, Pennsylvania 19317.

5.      Defendant, Cavalry Portfolio Services, LLC (hereafter, Defendant Cavalry), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New York and the Commonwealth of Pennsylvania, with its principal place of business located at 500 Summit Lake Drive, Valhalla, NY 10595.

6.      Defendant, Schlee and Stillman, LLC, (hereafter, Defendant Schlee), at all times relevant hereto, is and was limited liability company engaged in the business of collecting debt with a principal place of business located at 9712 Belair Road, Nottingham, MD 21236.

### IV.    FACTUAL ALLEGATIONS

7.      The underlying debt in the alleged debt owed to Defendants originated as a loan issued from HSBC Consumer Lending to Plaintiff and her late husband in 2000.

8.      Beneficial Bank renegotiated this loan in 2002 following the death of Plaintiff's husband.

9.      In or around 2009, due to restructuring within HSBC and Beneficial, Plaintiff's payments were returned and she was given conflicting answers on where she should send payments.

10.     In or around 2009, the account was turned over to a collection agency for collection.

11.     At this time, Plaintiff made ACH payments on this alleged debt at the rate of $250.00 per month for nearly two years.

12.     Plaintiff paid off the alleged debt was paid off during this time.

13.     On or about April 30, 2014, Plaintiff received correspondence from Defendant Schlee, as an agent for Defendant Cavalry, alleging that the balance of $9,979.74 was due by Plaintiff on this account.

14.     This correspondence gave no explanation as to the amount requested, and no accounting of the balance thereof.

15.     Plaintiff  has never owed such an exorbitant amount on this alleged account.

16.     On or about mid May 2014, Plaintiff sent correspondence to Defendants Cavalry and Schlee via certified mail requesting that all communications between Defendant Schlee and/or Defendant Cavalry be in writing and further requested that no telephone calls be made to Plaintiff's work place, home or family members.

17.     In or around late May, despite Plaintiff's written request, Defendant Cavalry called Plaintiff at work demanding payment.

18.     This attempt to collect occurred prior to Defendant Schlee ever providing requested validation.

19.     On or about July 29, 2014, Plaintiff received correspondence from Defendant Cavalry alleging that the balance of $18,308.78 was due by Plaintiff on this account.

20.     This demand is nearly double that of the demand of Defendant Schlee only ninety (90) days prior, but the correspondence gave no explanation as to the increased amount requested, nor any accounting of the balance thereof.

21.     Plaintiff has never owed such an exorbitant amount on this alleged account.

22.     During the time that Defendants have attempted to collect on this alleged debt, Defendant's accounting has continuously been deceptive and misleading and continues to so be insomuch as they have been charging arbitrary fees and/or charging arbitrary interest of approximately 400% with no legal basis for so doing and no consumer disclosure as to the same.

23.     Plaintiff's previous payments clearly have not been properly applied and therefore Plaintiff alleges no balance is owed.

24.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.     The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

27.     At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

29.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

## COUNT I– FDCPA

30.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(3): | Communication at place of employment when it is known that the employer prohibits such communications. |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person. |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | False or misleading representations in communications regarding character, amount, or legal status of the alleged debt. |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. |
| §§ 1692g(b): | Collector must cease all collection efforts until debt is validated. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Cavalry Portfolio Services, LLC and Schlee and Stillman, LLC, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

33.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendants are debt collectors pursuant to 73 Pa. C.S. § 2270.3.

35.     The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

36.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

37.     The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

38.     Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

39.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

40.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

41.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.     Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

43.     The UTPCPL prescribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

44.     The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.     Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

45.      As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

46.      By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.      An Order declaring that Defendants violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47.      The above paragraphs are hereby incorporated herein by reference.

48.      The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another,

or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49.     Pennsylvania recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendants violated law of the Commonwealth of Pennsylvania.

50.     Defendants intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

51.     The telephone calls made by Defendants to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

52.     The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

54.     Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

   **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

   a.      Actual damages from Defendants for all the damage including emotional

           distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

c.      Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT V - CIVIL CONSPIRACY

55.     The above paragraphs are hereby incorporated herein by reference.

56.     Plaintiff is informed and believes and therein alleges that Defendants, Cavalry and Schlee, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

57.     The acts of the Defendants, Cavalry and Schlee, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

58.     Defendants, Cavalry and Schlee, had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

59.     Defendants, Cavalry and Schlee, at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

60.     As a proximate result of the wrongful acts of the Defendants, Cavalry and Schlee, Plaintiff have been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Cavalry and Schlee, for the following:

11

a.      Actual damages;

b.      Statutory damages;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.     **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: September 25, 2014**

**BY:** _/s/ **Brent F. Vullings**_____

Brent F. Vullings, Esquire
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com